JARED CADY, Respondent, v. N. A. WINTERS, Appellant.

**Kansas City Court of Appeals, April 15, 1889.**

1. **Practice:** INSTRUCTION PROPERLY GIVEN. Plaintiff's first instruction was properly given, from the fact that the undisputed testimony showed the item upon which it was based was owing plaintiff.

2. ———: INSTRUCTION PROPERLY REFUSED. The trial court may well have refused defendant's instruction, as there was no evidence of the assumption on which it was based, and it omitted to embrace the hypothesis made by plaintiff's evidence.

*Appeal from the Grundy Circuit Court.*—HON. J. H. SHANKLIN, Special Judge.

AFFIRMED.

*M. M. Keller* and *Geo. Hall,* for appellant.

(1) The issues should be completely presented by the instructions, and the instructions must be framed with reference to the issues made by the pleadings, and should be predicated on all the issues made by the pleadings and supported by the evidence. The court, in this case, ignored defendant's plea of payment, and the evidence offered in support of same, and in plaintiff's first instruction, tells the jury, "they must find for plaintiff for the two hundred and sixty-seven posts sued for, whether they had been paid for or not." *Bank v. Westlake,* 21 Mo. App. 565 ; *Henry v. Hinds,* 18 Mo. App. 497 ; *Beauchamp v. Higgins,* 20 Mo. App. 514 ; *Martin v. Johnson,* 23 Mo. App. 96 ; *Brown v. McCormick* 23 Mo. App. 181 ; *Kennedy v. Kline,* 19 Mo. App. 15 ; *Henry v. Bassett,* 75 Mo. 89 ; *Jackson v.*

*Boyles*, 67 Mo. 609; *Crews v. Lackland*, 67 Mo. 619; *Seymour v. Seymour*, 67 Mo. 303; *Greer v. Parker*, 85 Mo. 107. The evidence of payment is admissible without any pleading or statement filed in justice's court. *Reed v. Snodgrass*, 51 Mo. 180. (2) "In an action before a justice of the peace, the defendant may recoup an account of any liability, whether in contract or tort, arising out of, or connected with, the demand sued on, which goes to abate or reduce the amount claimed, by showing a partial failure of consideration, or that the damages claimed are not so great as claimed by plaintiff." The court seems to have lost sight of the above rule of law in refusing the defendant's fourth instruction. *Emery v. Railroad*, 77 Mo. 339. (3) We say the court erred in refusing the defendant's fourth instruction, for the reason, that the item of fifty dollars grew out of the agreement to furnish ties, and if plaintiff failed to furnish the number of ties agreed upon, he could not sue on the contract, but if at all, on a *quantum meruit*, which would entitle the defendant to a recoupment of the damages sustained by reason of plaintiff's failure to furnish the number of ties agreed upon, unless there had been a settlement of the matter. *Yeats v. Ballentine*, 56 Mo. 530; *Williams v. Porter*, 51 Mo. 441; *Eyerman v. Cemetery Ass'n*, 61 Mo. 489; *Ahern v. Boyce*, 18 Mo. 552; *Austin v. Keating*, 21 Mo. App. 30.

*A. G. Knight*, for respondent.

(1) Respondent recovered judgment in the circuit court for thirteen dollars and some cents. The judgment should be affirmed "unless there is such error as materially effects the merits of the action" or "when the cost of a retrial would be almost as much as the whole amount in controversy." R. S. 1879, sec. 3775; *Cooksey v. Crooks*, 23 Mo. App. 463; *Porter v.*

*Harrison*, 52 Mo. 52. (2) Here the plaintiff and defendant both testify that defendant took plaintiff's culled posts and that defendant owes plaintiff for the same. The facts were undisputed and authorities are not needed to verify the rule that "the court may properly assume the facts where the testimony is undisputed." *Field v. Railroad*, 80 Mo. 203–206 ; *Barr v. Armstrong*, 56 Mo. 577 ; *Caldwell v. Stephens*, 57 Mo. 589 , *Slayback v. Gerkhart*, 1 Mo. 333. (3) Appellant cites *Emery v. Railroad*, 77 Mo. 339, as authority that his counter-claim for a breach of plaintiff's contract to furnish two thousand ties (wherein he claims fifty-five dollars damages) should have been allowed by the court in its instruction to the jury.

ELLISON, J.—This action was begun before a justice of the peace and is based on an account concerning railroad ties furnished defendant. Defendant filed an account in the nature of a counter-claim, in which one item was for damages for not furnishing eleven hundred and three ties which it is claimed plaintiff agreed to furnish. The verdict was for plaintiff and defendant appeals.

There is no objection to the testimony and the only error alleged is in giving plaintiff's first instruction and refusing defendant's fourth. The first instruction was properly given, from the fact that the undisputed testimony showed the item upon which the instruction was based was owing to plaintiff. Defendant himself so testified. The fourth instruction is made the basis of an argument as to the recoupment and counter-claim and of the jurisdiction of a justice of the peace over such. We will not enter into a discussion as to this, from the fact that the trial court may well have refused the instruction for the reason that it is based partly on the assumption that defendant was to take such ties as the

railway would receive within ten days after inspection when there is no evidence of such matter, thus making the instruction liable to mislead. It is further objectionable in omitting to embrace the hypothesis made by plaintiff's evidence, that he did not furnish more ties, for the reason that defendant was to advance money to plaintiff and which he had failed to do. The judgment affirmed. All concur.